Ilslet, J.
The note sued on, drawn by Nathan C. Folger & Son, payable to the order of David R. Godwin, the defendant, who endorsed it, was sent by the holders, the plaintiffs, from New York, to Messrs. Taylor *34 & Knapp, at New Orleans, for collection — and the collecting agent, for that purpose only, endorsed it. They caused protest of the note to be made, and notice of protest to be served on the endorser, Godwin.
During the supremacy of the Confederate Government, so termed, in New Orleans, the note was surrendered by Taylor & Knapp to the Confederate States receiver, as property of alien enemies, under their confiscation act — at which time the endorsement of Taylor & Knapp was on it. Subsequently, the commanding general of the Department of the Gulf, through Major Strong, owing to the surrender of the note, as above stated, to the Confederate States receiver, sentenced Taylor & Knapp to six months imprisonment at Fort Jackson, unless they produced the note or paid it. Under this duress, they paid it to the United States Provost Court.
As soon as the plaintiffs heard of what had occurred, they at once, to their credit, caused the amount paid as above stated, to be refunded to Taylor & Knapp; and they now claim from the makers and endorser of the note the amount of it, with interest and costs.
The defence set up is twofold.
1. Want of legal protest after proper demand, and want of notice, of legal notice, of protest in the endorser.
2. Payment of the note to the plaintiffs through their agent, Major Strong, in the manner before stated, by which payment defendant is discharged.
I. From the certificate of the notice of protest annexed to the protest, which protest is in due form, it appears that the defendant, the payee and endorser of the note, was notified in due time of the said protest.
The notice to him was delivered to Mr. Emile Cazare, clerk of Messrs. Cochrane & Hall, the place of business of the said endorser. This we hold to be a legal notice of protest, as when a notice is left at the residence or place of business of a drawer or endorser, it may be delivered to a clerk or colored person staying there, or the notice may be simply left on a desk or thrust under the door. See 1 Hennen’s Digest, p. 199 (c) No. 2.
The place of business of the defendant, Godwin, being the office of Cochrane & Hall, it was sufficient that notice of protest was left with any one staying there.
If, which is not shown, the money thus extorted from Taylor & Knapp, ever came into the hands of the plaintiff, or of Major Strong, who, if the agent of the plaintiffs, in regard to the plaintiffs’ claim, was not authorized by them to demand and receive from Taylor & Knapp, the amount thereof — such receipt of the money from Taylor & Knapp, of their money, would not operate a payment of the note, so as to divest the plaintiffs of th air title to it.
The defendant has not set up or established any valid defence against the plaintiffs’ claim, and they cannot, therefore, contest their title to the note.
The law and the evidence are in favor of the plaintiffs, but we do not consider the appeal one in which damages should be awarded.
It is therefore, ordered adjudged and decreed, that the judgment of the District Court be affirmed, at the costs of the appellant.